IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN SANDERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:11cv1032-WKW |
| MOUNT WASTE RECYCLE INC, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE[1]

Upon consideration of the plaintiff's motion for leave to proceed *in forma pauperis*, (doc. # 2) filed on December 6, 2011, it is

ORDERED that the motion be and is hereby GRANTED.

On December 6, 2011, *pro se* plaintiff John Sanders ("Sanders"), filed this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that he was discriminated against when he was terminated from his employment at Mount Waste Recycle Incorporated. Sanders contends that his termination was based on "malice, spitefulness [and] malicious acts." (Compl., doc. # 1 at ¶ 6). He further contends that he was terminated in retaliation for questioning work and labor conditions in violation of Occupational Safety and Health Administration (OSHA) regulations. (Response, doc. # 5, at 1-2).

---

[1] On December 13, 2011, this case was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). *See* Doc. # 3

Upon review of the complaint filed in this case, the Court concludes that dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the court shall dismiss a case proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim for which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). A claim is legally frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2] The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.*, at 327. *See also Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). This section gives a federal district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose [legal theories or] factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. *See also Woodall v. Foti,* 648 F.2d 268, 271 (5th Cir. June 16, 1981).[3] Indeed,

> district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

[3] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).

Although the plaintiff asserts that his claims arise under Title VII, merely labeling a cause of action does not make it so. Even after being given the opportunity, the plaintiff has alleged no facts that would support a claim under Title VII which prohibits discrimination on the basis of race, color, religion, sex, or national origin in a variety of employment practices.[4] Because Title VII does not encompass violations of OSHA, *see* 42 U.S.C. § 2000e-2(a) (prohibiting employers from discriminating on the basis of race, color, religion, sex or national origin), Sanders's allegations about retaliation for complaining about OSHA violations does not qualify as protected activity under Title VII, see § 2000e-3(a) (prohibiting discrimination for opposing any practice made unlawful by Title VII, or making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII). Consequently, the plaintiff's claims pursuant to Title VII are "without arguable merit in fact or law," and he has failed to state a claim for which relief may be granted.

To the extent that the complaint can be liberally construed as charging retaliation pursuant to OSHA regulations, Sanders' claims are also due to be dismissed. Sanders cannot state a claim under OSHA because that statute affords him no private right of action. *Am.*

---

[4] 42 U.S.C.A. § 2000e-2(a)(1) provides: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."

*Fed. Of Gov't Employees, AFL-CIO v. Rumsfeld*, 321 F.3d 139, 144-45 (D.C. Cir. 2003); *Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1425 (7th Cir. 1992); *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir. 1975).

Pursuant to 29 U.S.C. § 660(c), "[a]ny employee who believes that he has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary [of Labor] alleging such discrimination." Sanders has made no factual allegations that he filed a complaint with the Secretary of Labor in accordance with 29 U.S.C. § 660(c). Thus, the plaintiff's retaliation claims pursuant to 29 U.S.C. § 660(c) are "without arguable merit in fact or law," and he has failed to state a claim for which relief may be granted.

As set out above, the Court concludes that Sanders's claims in this action are frivolous because they are "without arguable merit in fact or law," and he has failed to state a claim on which relief may be granted. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such accusations. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further

ORDERED that the parties shall file any objections to the said Recommendation on

4

or before **February 9, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of January, 2012.

        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE